# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-361V
### Filed: January 9, 2017
### UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JOHN DAKOTA JACKSON, | \* |
| | \* |
| Petitioner, | \* |
| v. | \* |
| | \* |
| SECRETARY OF HEALTH | \* |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

Attorneys' Fees and Costs;
Reasonable Amount to Which
Respondent Does Not Object

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Edward M. Kraus, Law Offices of Chicago Kent, Chicago, IL, for petitioner.*
*Darryl R. Wishard, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth,** Special Master:

On March 21, 2016, John Dakota Jackson ("Mr. Jackson" or "Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleged that he developed rheumatoid arthritis as a result of receiving a tetanus-diphtheria-acellular pertussis ("Tdap"). On January 3, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation agreement. (ECF No. 22).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 5, 2017, petitioner filed a motion for attorneys' fees and costs.  (ECF No. 28). Petitioner requests attorneys' fees in the amount of $27,314.20 and attorneys' costs in the amount of $2,918.55 for a total amount of $30,232.75.  *Id*.  In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.

On January 6, 2017, respondent filed a response stating respondent is satisfied the statutory requirement for an award of attorneys' fees and costs are met in this case.  (ECF No. 29).

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e). Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $30,232.75[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Edward M. Kraus.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs*., 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.